UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-213-GFVT

KEITH ROGERS                                                                                        PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

HECTOR A. RIOS, JR., WARDEN                                                      RESPONDENT

**** **** **** ****

Keith Rogers ("Rogers") is a prisoner incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky, who has submitted a *pro se* petition which he characterizes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Dkt. 2] This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Rogers is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.      BACKGROUND

On April 26, 2006, Rogers filed a motion in the Superior Court of the District of Columbia pursuant to D.C. Code § 23-110 to vacate his 1992 conviction for First Degree Murder on the ground that his conviction was improperly obtained under an aiding and abetting theory

and that he received ineffective assistance of counsel at trial. The D.C. Superior Court denied that motion on December 13, 2006, noting that Rogers had previously asserted a substantially identical claim for relief under Section 23-110 in 1994, and Section 23-110(e) prohibited the assertion of such successive claims absent a showing of cause and prejudice. The Court also rejected his claims on the merits.

Rogers mailed a "Motion for Reconsideration" on December 19, 2006 and a "Supplemental Motion for Reconsideration" on December 21, 2006. In a March 14, 2007, Order, the Superior Court noted that it had received a "Reply Motion" in further support of Rogers' original Section 23-110 motion on December 21, 2006. The court had also received Rogers' December 21, 2006 "Supplemental Motion for Reconsideration" on January 8, 2007, but did not receive his earlier December 19, 2006 "Motion for Reconsideration" until March 13, 2007. The Court denied Rogers relief under each of his motions in its March 14, 2007 Order. Rogers filed a notice of appeal to the District of Columbia Court of Appeals on March 21, 2007.

On May 14, 2007, the D.C. Court of Appeals entered an order directing Rogers to show cause why his appeal should not be dismissed as untimely. The Court of Appeals indicated that Roger's motion for reconsideration "did not have any tolling effect on the December 13, 2006, order." Rogers responded to that order with his "motion to show cause" dated May 21, 2007, wherein he cited various decisions from the District of Columbia for the proposition that his motion for reconsideration did in fact toll the time for the filing of a notice of appeal. In a June 8, 2007, Order, the Court of Appeals dismissed Rogers' appeal as untimely filed. Rogers' subsequent petition for rehearing en banc was denied, the September 19, 2007 order noting that "no judge of this court has called for a vote on the petition."

Rogers filed the present petition on October 10, 2007, requesting relief under 28 U.S.C. § 2254 on the ground that the D.C. Court of Appeals' decision to dismiss his appeal as untimely "was contrary to, or involved an unreasonable application of, clearly established Federal law." Rogers cites decisional law from this and other circuits which hold that a motion under Section 23-110 is functionally equivalent to a Section 2255 motion, and decisions from the District of Columbia which hold that a timely-filed motion for reconsideration under Rule 59(e) tolls the time for the filing of a notice of appeal after a motion under Section 2255 is denied. Rogers' petition does not challenge the validity of his underlying conviction, only the procedural ruling of the D.C. Court of Appeals regarding the timeliness of his notice of appeal.

## II.     DISCUSSION

In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the plaintiff, an attorney, sought admission to the District of Columbia bar. After the admission committee denied his application, he sought review of that decision by filing a petition with the District of Columbia Court of Appeals, which functioned to review the admission committee's decision in a strictly administrative, rather than legal, capacity. The D.C. Court of Appeals denied the petition.

The plaintiff then filed a complaint in the federal court of the District of Columbia, asserting that the actions of the D.C. Court of Appeals violated his rights under the Fifth Amendment of the United States Constitution. The federal district court dismissed the complaint on the ground that it lacked subject matter jurisdiction, a determination upheld on appeal to the District of Columbia Circuit Court of Appeals. On appeal to the United States Supreme Court, the Supreme Court unequivocally held that:

> The District of Columbia Circuit properly acknowledged that the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings. Review of such determinations can be obtained only in this Court. 28 U.S.C. § 1257.

*Feldman*, 460 U.S. at 476. The Court noted that the D.C. Court of Appeals is the highest court of that jurisdiction, and that by statute, "final judgments and decrees of the District of Columbia Court of Appeals [are] reviewable by the Supreme Court of the United States in accordance with section 1257 of title 28, United States Code." *Id*. at 472, *citing* D.C.Code § 11-102.

The *Feldman* case constitutes the latter half of a duo of cases which embody what has come to be known as the *Rooker-Feldman* doctrine, which prevents a federal district court from asserting subject matter jurisdiction over any action which constitutes a *de facto* appeal from the decision of a state's highest court. For the doctrine to apply, it is not enough that the federal complaint rejects the conclusion of the prior state decision, but rather, it must point to the state court decision as the source of the injury complained of. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291-94 (2005).

In the present case, Rogers asks this Court to rule that the holding of the District of Columbia Court of Appeals is "contrary to, or involved an unreasonable application of, clearly established Federal law." In other words, Rogers asks this Court to review the decision of the D.C. Court of Appeals and grant him relief if the Court concludes that his appeal was timely filed as a matter of District of Columbia law. *Feldman* makes clear that this Court lacks jurisdiction to do so. Rogers' petition self-evidently points to the state court's prior decision as the source of his "injury," rather than merely attempting to relitigate the substance of his claims in that

proceeding, and thus the disposition of this proceeding is governed by the *Rooker-Feldman* doctrine rather than preclusion law. *Exxon-Mobil*, 544 U.S. at 293.

However, in *Exxon Mobil*, the Supreme Court noted that the *Rooker-Feldman* doctrine does not apply where Congress "[has] explicitly empower[ed] district courts to oversee certain state-court judgments," and that it had done so "in authorizing federal habeas review of state prisoners' petitions. 28 U.S.C. § 2254(a)." *Exxon Mobil*, 544 U.S. at 292 n.8. The Court may therefore entertain Rogers' petition if, as Rogers impliedly asserts, it falls within the Court's habeas jurisdiction under Section 2254(a). That section provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Rogers' petition plainly does not invoke this Court's habeas jurisdiction on grounds cognizable in Section 2254(a). Rogers' petition does not challenge the validity of his criminal conviction, it challenges the D.C. Court of Appeals' procedural ruling as to the timeliness of his appeal. The proper route to challenge that determination was through a petition for a writ of certiorari to the United States Supreme Court pursuant to its jurisdiction under 28 U.S.C. § 1257.

For the reasons set forth above, Rogers' petition must be dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

The Court being sufficiently advised, it is

**ORDERED** as follows:

1. Rogers' petition [Dkt. 2] is **DISMISSED** for lack of subject matter jurisdiction.

  2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

  This the 14th day of November, 2007.

**Signed By:**
*Gregory F. Van Tatenhove*
**United States District Judge**